Jake R. Cohen (SBN 323110)
Shane M. Cohen (SBN 350828)
**LAW OFFICES OF COHEN, COHEN & COHEN, P.C.**
23801 Calabasas Road, Suite 2028
Calabasas, CA 91302
T: 818.347.2121
jake@cohenlawoffice.com
shane@cohenlawoffice.com

Thomas V. Perea (SBN 140223)
**LAW OFFICE OF THOMAS V. PEREA, P.C.**
13601 Whittier Boulevard, Suite 415
Whittier, CA 90605
T: 562.855.1234
tom@perealaw.org

Attorneys for Plaintiff,
Lidia Cobian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| LIDIA COBIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation; and DOES 1 to 10, inclusive.<br><br>Defendants. | Case No. 5:26-cv-00201 JLS (AJRx)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>**1. PREMISES LIABILITY**<br><br>**2. GENERAL NEGLIGENCE** |

Plaintiff LIDIA COBIAN ("Plaintiff"), an individual, complains of Defendant TARGET CORPORATION ("Target"); and DOES 1 TO 10, inclusive (collectively, "Defendants"), and each of them, and alleges, upon information and belief, by her counsel, as follows:

## JURISDICTION & VENUE

1. This action was originally filed in the Superior Court of California, County of Riverside, as *Lidia Cobian v. Target Corporation*, Case No. CVRI2506634. Target thereafter removed the action to this Court. This Complaint is filed as the replacement federal pleading required by Paragraph 4 of the Court's Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity exists between Plaintiff and Target and the amount in controversy exceeds $75,000, exclusive of interest and costs. Fictitiously named defendants are disregarded for removal-jurisdiction purposes under 28 U.S.C. § 1441(b)(1).

3. Plaintiff seeks recovery for bodily injuries, past and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, and impairment of her ability to perform ordinary household and daily activities. Plaintiff's past and future damages, including the potential need for substantial future spinal treatment and surgery discussed by her treating and evaluating physicians, place more than $75,000 in controversy.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Riverside County, California, within the Eastern Division of this District.

## PARTIES

5. Plaintiff LIDIA COBIAN is an individual who is, and at all relevant times was, a citizen and domiciliary of the State of California.

6. Defendant TARGET CORPORATION is a corporation incorporated under

the laws of the State of Minnesota and has its principal place of business in Minneapolis, Minnesota. Defendant TARGET CORPORATION is a citizen of Minnesota for purposes of federal diversity jurisdiction.

7. At all relevant times, Defendants owned, leased, occupied, possessed, maintained, managed, controlled, and/or operated the Target retail store located at or near 2755 Canyon Springs Parkway, Riverside, California 92507 ("Premises").

8. Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive. Plaintiff therefore designates those defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, and will seek leave to amend when leave is required under the Federal Rules of Civil Procedure.

9. Plaintiff is informed and believes, and on that basis alleges, that one or more Doe Defendants was, at the relevant time, an owner, lessee, occupier, manager, employee, agent, maintenance contractor, or other person or entity responsible for creating, inspecting, monitoring, maintaining, cleaning, warning about, or exercising control over the portion of the Premises where the incident occurred. Plaintiff further alleges that one or more Doe Defendants knew or should have known of the broken eggs and resulting slippery condition, failed to remedy or warn of that condition, or otherwise contributed to the incident and Plaintiff's resulting injuries.

10. Each Doe Defendant is sued only to the extent discovery establishes that the defendant's own acts or omissions, or legally recognized agency or vicarious-liability principles, contributed to Plaintiff's injuries. Plaintiff does not presently know which Doe Defendant performed which acts or omissions because the relevant information is in the possession, custody, or control of Target and the persons or entities involved in operating and maintaining the premises. Plaintiff will identify and substitute the real parties in interest within the time permitted by Fed. R. Civ. P. 4(m), 15, the Court's scheduling order, and the Court's Initial Standing Order.

11. At all relevant times, Defendants acted through their employees, agents,

representatives, and other persons acting on its behalf, including persons responsible for operating, inspecting, monitoring, cleaning, maintaining, and managing the Premises. To the extent any such person or entity is identified as a Doe Defendant, that person or entity acted within the course and scope of the agency, employment, or other relationship with Target.

12. Defendants are responsible for the acts and omissions of their employees and agents undertaken within the course and scope of their duties, including any failure to conduct reasonable inspections, discover the broken eggs, clean or remove the condition, or provide an adequate warning. Independently, Target owed Plaintiff its own duties as the entity that owned, occupied, operated, managed, maintained, or controlled the Premises, including duties to maintain reasonably safe premises and to implement and enforce reasonable inspection and cleanup procedures.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates the allegations of Paragraphs 1 through 12 as though fully set forth in this section.

14. On or about May 13, 2024, Plaintiff was lawfully present at the Premises as a business invitee and customer of Defendants.

15. Plaintiff was shopping in the food, produce, or dairy section of the Premises and was looking toward merchandise and shelving when she encountered broken eggs on the floor.

16. The broken eggs created a slippery and dangerous condition in an area where Target customers were expected to walk.

17. The eggs and resulting slippery condition were not accompanied by an adequate warning, barricade, cone, or other safeguard alerting customers to the danger.

18. As Plaintiff stepped into the area containing the broken eggs, she slipped and lost her balance. In attempting to prevent herself from falling, Plaintiff jolted and twisted her body and grabbed a nearby shelf, causing immediate and significant pain, particularly in her lower back.

19. Defendants had a duty to exercise reasonable care in inspecting, maintaining, managing, and operating the Premises, including the aisles and floors where customers were invited to walk.

20. Defendants knew or, in the exercise of reasonable care, should have known of the broken eggs and the resulting slippery condition before Plaintiff encountered it.

21. The dangerous condition was open to reasonable inspection and existed in a customer shopping area under Defendants' ownership, possession, management, and control. Defendants' employees and agents were responsible for monitoring, inspecting, cleaning, and maintaining the area.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual or constructive notice of the dangerous condition before Plaintiff's injury, or alternatively that the condition was caused or created by Defendants' employees, agents, or operations.

23. Defendants had sufficient time and opportunity, through reasonable inspections and ordinary store-maintenance procedures, to discover and correct the condition or to provide an adequate warning before Plaintiff encountered it.

24. After the incident, a Target incident report was prepared. Plaintiff does not presently possess all information concerning Defendants' inspections, employee observations, maintenance procedures, incident records, or surveillance materials relating to the incident. Those facts are expected to be developed through discovery.

25. As a direct and legal result of the incident, Plaintiff experienced pain in her neck, upper back, mid-back, lower back, and related areas, together with muscle spasms, limited range of motion, weakness, numbness, tingling, and radiating symptoms.

26. Plaintiff sought medical evaluation and treatment after the incident, including evaluation at Kaiser Permanente in or about May 2024 and subsequent medical treatment beginning in May 2024.

27. Plaintiff underwent chiropractic treatment, physical therapy, diagnostic testing, and medical evaluations for continuing symptoms.

28. A lumbar magnetic resonance imaging study performed on or about June 26, 2024, documented an L5-S1 broad-based posterior disc herniation or bulge with an annular fissure or tear, as well as an L1-L2 annular disc bulge.

29. Plaintiff was evaluated by pain-management and spine specialists. She received a lumbar injection in or about August 2024 without significant improvement and continued to report lower-back pain and related symptoms.

30. Plaintiff's spine evaluations documented continuing lower-back pain, stiffness, spasms, limited range of motion, and symptoms radiating into the lower extremities. Subsequent evaluations and imaging continued to identify an L5-S1 disc abnormality, annular tear, and related findings.

31. Spine specialists have recommended an L5-S1 anterior lumbar interbody fusion, which Plaintiff plans to undergo. The timing, necessity, type, and cost of any future procedure remain subject to the recommendations of Plaintiff's treating physicians.

32. Before the incident, Plaintiff did not have a prior low-back condition causing the symptoms alleged in this Complaint.

33. As a direct and legal result of Defendants' conduct, Plaintiff has incurred and will continue to incur reasonable and necessary medical, diagnostic, pharmaceutical, rehabilitation, and related healthcare expenses.

34. Plaintiff has suffered and continues to suffer physical pain, mental anguish, emotional distress, anxiety, sleep disturbance, inconvenience, loss of enjoyment of life, and impairment of her ability to perform household and ordinary daily activities.

35. Plaintiff's damages include past and future economic and noneconomic damages in amounts to be established at trial. Plaintiff does not presently seek a specific dollar amount because the full extent of her injuries, future treatment, and future medical needs remains subject to continuing medical evaluation.

## FIRST CAUSE OF ACTION

### (Premise Liability — Against All Defendants)

36. Plaintiff incorporates the allegations of Paragraphs 1 through 35 as though

fully set forth herein.

37. At all relevant times, Defendants owned, leased, occupied, possessed, maintained, managed, controlled, and/or operated the Premises.

38. Defendants owed Plaintiff a duty to exercise reasonable care in the ownership, possession, inspection, maintenance, management, and operation of the Premises and to protect customers lawfully present from unreasonable risks of harm.

39. The broken eggs and resulting slippery condition constituted a dangerous condition on the Premises.

40. Defendants knew, or in the exercise of reasonable care should have known, of the dangerous condition before Plaintiff encountered it. Alternatively, Defendants, through their employees, agents, or operations, caused or created the dangerous condition.

41. Defendants breached their duty of care by, among other things:

a. Failing to conduct reasonable inspections of the area;

b. Failing to discover the broken eggs and slippery condition;

c. Allowing the dangerous condition to remain on the floor;

d. Failing to clean, remove, or otherwise remedy the condition;

e. Failing to place adequate warnings, cones, barriers, or other safeguards around the condition;

f. Failing to maintain the Premises in a reasonably safe condition;

g. Failing to establish, implement, or enforce reasonable inspection and cleanup procedures; and

h. Failing to exercise reasonable care for the safety of customers lawfully present at the Premises.

42. Plaintiff was a business invitee and customer of Defendants and did not know, and had no reasonable opportunity to appreciate, the full danger presented by the broken eggs before she encountered the condition.

43. Defendants' acts and omissions were a substantial factor in causing Plaintiff

to slip, lose her balance, twist and jolt her body, and sustain the injuries and damages alleged herein.

44. As a direct and legal result of Defendants' breach of duty, Plaintiff has suffered and continues to suffer the damages described above, including physical injuries, pain and suffering, emotional distress, medical expenses, future medical expenses, impairment of activities, and other damages according to proof.

## SECOND CAUSE OF ACTION

**(Negligence — Against All Defendants)**

45. Plaintiff incorporates the allegations of Paragraphs 1 through 44 as though fully set forth herein.

46. Defendants owed Plaintiff a duty to exercise reasonable care under the circumstances in the ownership, operation, management, inspection, maintenance, and control of the Premises.

47. Defendants breached that duty by negligently and carelessly:

a. Permitting broken eggs to remain on the floor;

b. Failing to inspect the area at reasonable intervals;

c. Failing to discover the dangerous condition;

d. Failing to remove or clean up the broken eggs;

e. Failing to warn customers of the dangerous condition;

f. Failing to place warning signs, cones, barriers, or other safeguards in the area;

g. Failing to maintain the Premises in a reasonably safe condition;

h. Failing to train, supervise, and direct employees concerning reasonable inspection and cleanup procedures; and

i. Otherwise failing to use reasonable care for the safety of Plaintiff and other customers.

48. Defendants knew, or in the exercise of reasonable care should have known, that broken eggs on a retail-store floor created an unreasonable risk that customers would

slip, lose their balance, twist, fall, or otherwise suffer injury.

49. Defendants' negligence was a substantial factor in causing the incident and Plaintiff's injuries.

50. As a direct and legal result of Defendants' negligence, Plaintiff has suffered and continues to suffer the damages described above, including physical injuries, pain and suffering, emotional distress, medical expenses, future medical expenses, impairment of activities, and other damages according to proof.

51. Plaintiff pleads the premises-liability and negligence causes of action in the alternative to the extent different duties, theories, or legal characterizations apply to the facts. *See* Fed. R. Civ. P. 8(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and noneconomic damages according to proof;

2. For past and future medical, hospital, diagnostic, pharmaceutical, rehabilitation, and related healthcare expenses according to proof;

3. For damages arising from physical pain, mental suffering, emotional distress, anxiety, sleep disturbance, inconvenience, loss of enjoyment of life, and impairment of ordinary activities;

4. For all other compensatory damages recoverable under applicable law;

5. For prejudgment and post-judgment interest as permitted by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

///

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: September 21, 2026

Law Offices of Cohen, Cohen & Cohen, P.C.
Law Office of Thomas V. Perea, P.C.

Jake R. Cohen, Esq.
Shane M. Cohen, Esq.
Thomas V. Perea, Esq.
Attorneys for Plaintiff,
Lidia Cobian